UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GORDON CASE | CIVIL ACTION |
| VERSUS | 06-7391 |
| ANPAC LOUISIANA INSURANCE COMPANY | SECTION B(4) |

ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. No. 5). After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **GRANTED.**

*BACKGROUND*

Plaintiff filed a petition in state court claiming entitlement to payment in accordance with the valuation provisions of La. R.S. 22:695(A), Louisiana's Valued Policy Law ("VPL"), as high velocity wind was the efficient proximate cause of the total loss to Plaintiff's property. Plaintiff further asserted claims of breach of contract and breach of duty of good faith and fair dealings.

Defendant filed a Notice of Removal on the basis of supplemental subject matter jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441. Plaintiff filed the instant Motion To Remand and challenges the existence of federal subject matter jurisdiction.

*DISCUSSION*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Insurance Co. Of America*, 114 S.Ct. 1673, 1675

1

(1994). As such, federal courts possess only the power authorized by the Constitution and Congress. *Id.* (citations omitted). "It is to be presumed that a cause lies outside of this limited jurisdiction (citations omitted) and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id*. (citations omitted).

Defendant contends that this Court has supplemental jurisdiction over this action under 28 U.S.C. §§ 1369, 1441(e)(1) and 1441 (e)(5) because Louisiana Farm Bureau Mutual Insurance Company is a defendant in *Connie Abadie v. Aegis Security Insurance Company*, Civil Action No. 06-5164 (E.D. La.) which could have been brought under 28 U.S.C. § 1369. Plaintiffs in *Abadie* allege, *inter alia*, multiple causes for losses including: windstorm; breaches in the levee walls; breaches along the 17th Street Canal, London Avenue Canal and Industrial Canal; and storm surge.[1]

28 U.S.C. § 1369(a) provides:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-
>
> (1) a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a

---

[1] *Abadie,* Complaint, No. 06-5164, ¶ 3

> substantial part of the accident took place;
>
> (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3) substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides:

> [A] defendant in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

28 U.S.C. § 1441 (e)(5) provides:

> An action removed under this subsection shall be deemed to be an action under section 1369 and an action in which jurisdiction is based on section 1369. . . .

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and/or 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location."  28 U.S.C. § 1369(a).  An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369(c)4.

3

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441 (e)(1) to cases arising out of Hurricane Katrina and/or levee breaches for failure to satisfy the "single accident" requirement.[2]

Defendant failed to establish *Abadie* arose out of an "accident" within the meaning of 28 U.S.C. § 1369 and further failed to establish that *Abadie* and the case at hand arise from the "same accident" pursuant to 28 U.S.C. § 1441 (e)(1).  As such, the requirements of 28 U.S.C. § 1369 are not satisfied and subject matter jurisdiction does not exist pursuant to 28 U.S.C. § 1441.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **GRANTED.**

New Orleans, Louisiana this 30th day of November, 2006.

UNITED   STATES   DISTRICT   JUDGE

---

[2] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. September 14, 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *Southern Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. September 6, 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).